**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0398n.06
Filed: May 13, 2005

**NO. 04-3835**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| Appellee, | ) | COURT FOR THE NORTHERN |
| v. | ) | DISTRICT OF OHIO |
| | ) | |
| WILLIAM A. HUMPHREY, | ) | |
| | ) | OPINION |
| Appellant. | ) | |
| | ) | |
| | ) | |

**Before: SUHRHEINRICH and GILMAN, Circuit Judges; and ACKERMAN, District Judge.***

**HAROLD A. ACKERMAN, District Judge.** This appeal derives from a plea agreement and subsequent sentencing of Defendant William A. Humphrey. Mr. Humphrey pled guilty to one count of knowingly traveling into the United States for the purpose of engaging in illicit sexual conduct with a minor in violation of 18 U.S.C. § 2423(b) and was later sentenced to 97 months of incarceration. We **VACATE** the sentence and **REMAND** for resentencing.

As a result of a sting operation utilizing an undercover detective, Defendant, Mr. Humphrey, was arrested and charged in a four-count Indictment filed on November 13, 2003, alleging that Mr. Humphrey committed two counts of Coercion and Enticement of a Minor in violation of 18 U.S.C. § 2422(b) and two counts of Travel With Intent to Engage in Illicit Sexual Conduct in violation of 18 U.S.C. § 2423(b). On February 27, 2004, as a result of a plea

---

*The Honorable Harold A. Ackerman, United States District Judge for the District of New Jersey, sitting by designation.

agreement, Mr. Humphrey pled guilty to one count of knowingly traveling into the United States for the purpose of engaging in illicit sexual conduct with a minor, in violation of 18 U.S.C. § 2423(b). The district court sentenced Mr. Humphrey on June 22, 2004 to 97 months of incarceration and 3 years of supervised release. Thereafter, on June 24, 2004, Mr. Humphrey filed a timely notice of appeal.

As part of the plea agreement, Mr. Humphrey admitted that he

> traveled from Ontario, Canada, through the State of Michigan, into the State of Ohio, to engage [sic] for the purpose of engaging in illicit sexual conduct with a minor known to him as "Jessica" whom he believed was seven (7) years of age, her "sister" (age 12), and her "mother," an adult.

Joint Appendix at 14-15. He also admitted that the meeting was set up via communications over the Internet. Finally, Mr. Humphrey admitted that these facts "satisfy all of the elements of the offense to which [he] agrees to plead guilty and constitute relevant conduct under the Sentencing Guidelines." *Id.*

The United States Probation Office prepared a Presentence Report ("PSR") using the 2003 edition of the Sentencing Guidelines. The PSR initially applied § 2A3.2 (Criminal Sexual Abuse of a Minor under the Age of Sixteen Years), which would have provided for a base offense level of 21. However, the PSR then applied the cross reference found at § 2A3.2(c)(1), which provides:

> If the offense involved criminal sexual abuse or attempt to commit criminal sexual abuse (as defined in 18 U.S.C. § 2241 or § 2242), apply § 2A3.1 (Criminal Sexual Abuse; Attempt to Commit Criminal Sexual Abuse). If the victim had not attained the age of 12 years, § 2A3.1 shall apply, regardless of the "consent" of the victim.

-2-

Through this cross reference, the PSR ultimately applied U.S.S.G. § 2A3.1 (Criminal Sexual Abuse), which has a base offense level of 27. Then, the PSR recommended the four-level enhancement found in § 2A3.1(b)(2)(A) because the "victim" had not attained the age of twelve. The PSR also recommended a two-level enhancement found in § 2A3.1(b)(6) for use of a computer to persuade, induce, entice, or coerce a "victim" to engage in prohibited sexual conduct. After a three-level reduction for acceptance of responsibility, the PSR proposed a final adjusted offense level of 30, which, based upon a criminal history category of I, corresponds with a sentencing range of 97 to 121 months.

At sentencing, Mr. Humphrey objected to the use of § 2A3.1, and to the enhancement relating to the age of the "victim." The district court, however, overruled his objections, adopted the PSR's Guidelines calculation, and, on June 22, 2004, sentenced him to 97 months of incarceration. Thereafter, Mr. Humphrey filed a timely Motion to Correct Sentence pursuant to Federal Rule of Criminal Procedure 35(a), based upon the Supreme Court's decision in *Blakely v. Washington*, 124 S. Ct. 2531 (2004). Mr. Humphrey argued that, by sentencing him under the higher offense level contained in U.S.S.G. § 2A3.1, the district court made a factual determination regarding the application of the cross reference in § 2A3.2(c), *i.e.*, that Mr. Humphrey's admission to traveling across interstate lines with the intent to engage in illicit sexual conduct constituted an attempted sexual assault. Mr. Humphrey contended that the district court's finding, under *Blakely*, was required to be made by a jury beyond a reasonable doubt because it involved a fact that increased Mr. Humphrey's sentence and was neither admitted by him nor proved by the Government beyond a reasonable doubt. The district court denied Mr. Humphrey's request to correct his sentence and this appeal followed.

The crux of this case, as initially argued by the parties, is whether the district court should have applied U.S.S.G. § 2A3.1 versus § 2A3.2. The Government contends that § 2A3.1 is the only appropriate Guideline given the circumstances because Mr. Humphrey's admission in the plea agreement established both Attempted Sexual Abuse pursuant to 18 U.S.C. § 2242 as well as Aggravated Sexual Abuse pursuant to 18 U.S.C. § 2241. In addition, the Government asserts that § 2A3.1 is the only appropriate guideline to consider where the victim is under the age of 12 years old. To the contrary, Mr. Humphrey contends that under the specific circumstances of this case, the district court's application of § 2A3.1 required an impermissible finding of fact that was not allocuted to in the final plea agreement nor proven beyond a reasonable doubt.

Mr. Humphrey also argues that the district court erred in applying an age-related enhancement that resulted in a four-level increase because the enhancement resulted in impermissible double-counting under *United States v. Farrow*, 198 F.3d 179, 193 (6th Cir. 1999). Finally, Mr. Humphrey submitted a Rule 28(j) letter brief arguing that the district court's sentence violated the Sixth Amendment in light of *United States v. Booker*, 125 S. Ct. 738 (2005). The Government, however, did not provide any additional argument beyond its claim that *United States v. Koch*, 383 F.3d 436 (6th Cir. 2004) (*en banc*), found that *Blakely* did not invalidate the United States Sentencing Guidelines and thus there was no reason to address Mr. Humphrey's Sixth Amendment claim.

Because Mr. Humphrey raised his objection relating to the application of the Sentencing Guidelines and the alleged Sixth Amendment violation in the district court, this Court reviews for harmless error. *United States v. Hazelwood*, 398 F.3d 792, 801 (6th Cir. 2005) (stating that

this court was required to determine whether any error was harmless, as opposed to conducting a plain error analysis, because defendant preserved his argument that the district court erred in enhancing his offense level). The harmless error test requires a remand unless this court determines that the error "did not affect the district court's selection of the sentence imposed." *Hazelwood*, 398 F.3d at 801.

We note that the Sentencing Guidelines are no longer mandatory, but are rather only advisory. *Booker*, 125 S. Ct. at 769; *see also United States v. Barnett*, 398 F.3d 516, 526 (6th Cir. 2005) ("*Booker*, however, effectuated a 'clear' and 'obvious' change in law by making the Sentencing Guidelines advisory. Given this change in the law, we hold that it was plan error for Barnett to be sentenced under a mandatory Guidelines regime that has now become advisory."). In light of this Court's opinion in *Barnett*, we are disinclined, at this time, to review whether the district court committed error in applying the Guidelines in sentencing Mr. Humphrey. We find that Mr. Humphrey's sentencing under a pre-*Booker* regime is clearly prejudicial; and thus, the now-recognized error is not harmless. We are, therefore, compelled to send this matter back to the district court for appropriate resentencing.

For the foregoing reasons, the sentence of the district court is **VACATED** and this matter is **REMANDED** to the district court for resentencing.